Opinion filed September 14, 2023



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00196-CV

_____

## SUSAN DAVIS VAN DYKE ET AL., Appellants

## V.

## JOHN W. DANIELS AND WIFE, WILMA F. DANIELS, Appellees

**On Appeal from the 118th District Court**

**Martin County, Texas**

**Trial Court Cause No. 6668-A**

## M E M O R A N D U M   O P I N I O N

This is one of three cases that arise out of a dispute over the interpretation of a 1924 deed in which the grantors reserved "one-half of one-eighth of all minerals and mineral rights" in a conveyance of land. Appellants maintain that the phrase "one-eighth of all minerals and mineral rights" is a term of art which refers to the entirety of the grantors' mineral estate. Thus, they contend, the deed reserved a one-half interest of the mineral estate in favor of the grantors. Appellees advocate a

purely mathematical application of the phrase "one-half of one-eighth," such that it reserves a one-sixteenth mineral interest in favor of the grantors. The trial court granted a motion for summary judgment that was filed by Appellees, who were plaintiffs below.[1]

This appeal was abated shortly after it was filed. At the time of abatement, we were already considering an appeal in *Van Dyke v. Navigator Group* (*Van Dyke I*),[2] a case that involved a dispute over mineral interests in the same property. Several months thereafter, we issued our opinion in *Van Dyke I*, 647 S.W.3d 901, 913 (Tex. App.—Eastland 2020), *rev'd*, 668 S.W.3d 353 (Tex. 2023). *Van Dyke I* was then appealed to the Texas Supreme Court, at which time we extended our abatement of this case pending resolution of the *Van Dyke I* appeal.

On February 17, 2023, the supreme court handed down its opinion in *Van Dyke I*, holding that the 1924 deed reserved a one-half interest of the mineral estate in favor of the grantors. *Van Dyke v. Navigator Group*, 668 S.W.3d 353, 359 (Tex. 2023) ("*Van Dyke*").[3] The supreme court also held that, because the successors-in-interest to the transaction had treated the grantor-reserved interest as a one-half interest for several decades before litigation was filed, the presumed-grant doctrine mandated that the successors-in-interest to the grantor retain a one-half interest. *Id*. at 366–67. The court then remanded *Van Dyke* to the trial court for further proceedings. *Id*. at 368.

Appellants have now filed a motion asking us to lift the abatement and to either (1) render a summary reversal of the trial court's judgment or (2) vacate the

---

[1]After it granted the appellees' motion for summary judgment, the trial court severed the claims that were resolved in the order from various additional claims for damages and other relief that were not yet resolved.

[2]Because there are several overlapping parties, including Susan Van Dyke—who is the first named appellant in each case—we refer to the first of the three appeals as *Van Dyke I*.

[3]For clarification, we refer to the opinion of the Texas Supreme Court as simply "*Van Dyke*."

trial court's judgment. In that regard, the parties to this matter have not yet submitted any briefing, and we believe it would be imprudent for us to render judgment without allowing the parties to identify and fully vet any remaining issues. On the other hand, proceeding with this appeal on the merits would likely result in unnecessary expense and delay, given that the central dispute herein has been resolved by the supreme court. Accordingly, we vacate the summary judgment that was rendered by the trial court and remand this case for further consideration in light of the supreme court's decision in *Van Dyke*.

JOHN M. BAILEY

CHIEF JUSTICE

September 14, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[4]

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.